# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.G. & D.G.**

**No. 14-0552** (Randolph County 13-JA-18 & 13-JA-19)

## MEMORANDUM DECISION

**FILED**

November 24, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Petitioner Father, by counsel David A. Wilmoth, appeals the order of the Circuit Court of Randolph County, entered on May 12, 2014, terminating his parental rights to nine-year-old A.G. and ten-year-old D.G. The Department of Health and Human Resources ("DHHR"), by its attorney, Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem for the children, Matthew H. Fair, also filed a response in support of the circuit court's order. Petitioner filed a reply. Petitioner argues on appeal that the circuit court erred in terminating his parental rights, based upon a finding of child neglect, because he did not neglect his children within the meaning of West Virginia Code § 49-1-3.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against petitioner, the children's mother, and the children's stepfather. The petition alleged that D.G.'s mother held him down while his stepfather beat him with a metal pipe and that his mother forced him to drink liquid soap. The petition also alleged that petitioner had no contact or involvement with, and provided no support to, the children for approximately six years prior to the petition's filing.

Petitioner was not present at the adjudicatory hearing in June of 2013. The Child Protective Services worker and the children's mother testified that petitioner, to their knowledge, had no contact with the children since June of 2007, and petitioner had provided no support, financial or emotional, to the children since that time. Moreover, nothing in the record reflects that petitioner sought custody or visitation with his children in the family courts of Pennsylvania or West Virginia.[1] The circuit court found that petitioner abandoned the children because he had not provided financial or emotional support and had made no effort to contact or seek custody or visitation with the children.

Following the dispositional hearing, the circuit court entered an order that found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or

---

[1]All of the parties herein lived in Pennsylvania until approximately 2012 when the children's mother and stepfather moved to West Virginia with the children.

1

neglect in the near future and the welfare of the children necessitated termination of his parental rights. It is from that order that petitioner now appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights, based upon a finding of neglect, because his children had not been neglected under the statutory definition of a "neglected child."[2] Upon our review of the record, we find no error by the circuit court in terminating petitioner's parental rights. This Court has long recognized that abandonment may be grounds for termination of parental rights. *See* Syl., in part, *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 168 S.E.2d 798 (1969) ("A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, *abandonment*, or other dereliction of duty . . . the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts." (emphasis added)); Syl. Pt. 1, in part, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996) ("When the Department of Health and Human Services finds a situation in which apparently one parent has abused or neglected the children and the other has abandoned the children, both allegations should be included in the abuse and neglect petition . . ."); *In Re Christina L.*, 194 W.Va. 446, 456, 460 S.E.2d 692, 702 (1995) (abandonment of a child "constitutes grounds for termination of parental rights."). Further, we have long explained that "'[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352

_____

[2]West Virginia Code § 49–1–3(11)(A)(i), a "neglected child" is one:

[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian[.]

(2013). The record reflects that petitioner had no contact with or involvement in his children's lives for approximately six years prior to the initiation of these proceedings and failed to appear in person in this matter. The only evidence presented to the circuit court indicated that petitioner failed to support his children financially or emotionally, and he failed to provide adequate supervision for his children. Subsequently, D.G., under the supervision of others, was physically harmed. No evidence was presented to the circuit court to suggest that petitioner's abandonment was due to a lack of financial means alone. Petitioner's assertion that the DHHR failed to meet its burden of proof is without merit. The circuit court's finding that petitioner neglected his children is not clearly erroneous.

Under West Virginia Code § 49-6-5(b)(4), a parent's abandonment of his or her children constitutes a circumstance in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. Therefore, the evidence presented was sufficient for the circuit court to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future and termination was necessary for the welfare of the children. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II